Press appeal case numbers 21-1242 and 21-1293, Dillon Burnett v. Josh Griffith. Oral argument not to exceed 15 minutes per side. William Piper for the appellant, you may proceed. May it please the court, William Piper appearing on behalf of the plaintiff appellant Dillon Burnett and he's also the cross appellee. In this case I'm challenging the district court's ruling that the defendant Griffith was entitled to qualified immunity. Generally with respect to qualified immunity issues if a judge makes factual findings or even inferences from the facts that cannot be challenged for purposes of qualified immunity on appeal. And that's pretty well established from Johnson v. Jones from the United States Supreme Court, Romo v. Largin from the Sixth Circuit. So Judge Jarbo's opinion that the videotape could lead a jury to conclude that Griffith acted with the necessary malice from my perspective cannot be challenged. It's a jury issue at that point. The jury in fact could conclude that there was no threat imposed by Mr. Burnett and that the force used by the defendant Griffith was clearly excessive. Can I ask you a question? This is an Eighth Amendment case right? Correct. But why because he was convicted of the contempt is that why? He wasn't a pretrial detainee he was a convicted prisoner of the contempt? Correct. So he was being booked in for the contempt? Correct. It's an unusual situation but yes because he was already convicted of contempt. Okay. So you have to prove malice? Correct. And certainly Judge Jarbo indicated in her original opinion before she remanded it to the magistrate for a qualified immunity analysis that there was certain clearly enough facts from which malice could be inferred and the jury could analyze the facts as I indicated and say there was no threat imposed and the force was clearly... The client clearly was trying to break away from Griffith wasn't it? Correct. So what is your answer to well what about though that it wasn't clearly established that he was on fair warning? Okay. He would be violating your client's constitution? Yeah I mean I I don't even think you get to that point because the jury still has to determine what the facts are and the jury could determine that hey there wasn't any threat whatsoever. I don't understand though what are the disputed facts? It's a video. Correct. When we have a video and it's pretty clear we chose the whole thing what's what is the disputed? There is a video but what the facts are that are disputed would be the threat perceived by the defendant Griffith. So that is what has to be analyzed regarding the situation. Yeah you can see the video but you don't know what is in the mind of the defendant Griffith and what the threat was that he perceived and certainly there's a lot of facts here that indicates that there shouldn't have been much of a threat whatsoever perceived. Mr. Burnett was a small man he was handcuffed behind his back. Another officer was in the area there wasn't any other inmates or what have you in the area. He didn't use any commands towards Mr. Burnett. He didn't ask for assistance from Officer Tesser. He just grabbed him flung him down and slammed his head on the ground. So I mean I think under those circumstances the factual issue is the threat perceived by the defendant. How do you distinguish this prior Sixth Circuit case of Griffin v. Hardwick? This is where the was brought to the ground. Yeah I distinguish that I don't think that case is very factually similar whatsoever. I mean the takedown procedure that was used was a leg sweep. This was you know he the defendant lifted him Mr. Burnett up flung him from side to side and slammed his head on the ground. The there's a difference between Greco-Roman wrestling and freestyle wrestling and that's exactly the situation you have here where a leg sweep is used to bring someone down and then the injury that resulted in the Griffin v. Hardwick was a broken leg. In this case that he flung Mr. Burnett from side to side and the injury that resulted was a head injury. Mr. Burnett had no opportunity to brace his fall because his hands were handcuffed behind his back and that's a different situation. Here the Griffin v. Hardwick seemed to be kind of a fluke injury as a result of a leg sweep and the officer ended up falling on top of the inmate. So I don't see that. You don't have any Griffin intended your client to have a head laceration that was just the consequence of falling to the floor. Well I think there possibly could be evidence that he intended that. The jury is the one who should determine that. Let's get back to what case establishes though that as a matter of law that it would be clearly established that Sergeant Griffith should have known that what he was doing would be considered. Again I don't think you should get to that point but I believe that I'm drawing a blank here it's Cordell v. McKinney. In that case the officer was guiding a prisoner down a hallway. The prisoner turned to face the officer which from my perspective is a lot more of a threat than someone walking away. I mean if someone turns around and faces the officer it's you know fight-or-flight situation. In Cordell he wasn't trying to break away though from the officer. He was still under control he was just turned around wanting to face him. Yes I understand but I think that the threat faces is not comparable. Mr. Burnett was small he may have tried to walk away but he didn't get away. I mean Griffith said that he broke away which is not true. What about the fact that he had been fiddling with his handcuffs at the table? Doesn't that suggest to the officers that he's a threat to maybe try to get away or get out or whatever it is? Well you can interpret that two ways. You can interpret that in the sense that well there could be a threat again that's a jury issue. The jury have to determine given those facts whether the officer perceived a threat. It could also be interpreted a different way in that yeah those are things some things that happened and that is something that would have angered the officer and as a result when Mr. Burnett tried to walk away that the officer was already upset grabbed him with malice flung him from side to side and slammed his head onto the ground. So again you know those facts can be interpreted different ways and it's up to the jury to determine what what the facts are is regards whether it's malice or whether that's something that could be perceived as an additional threat. That's one of the questions that I had I was trying to understand the argument that there was no jurisdiction because that's generally raised where there are disputes of material fact. Is it your position that that also occurs when there are not necessarily disputes of material fact but that it is the jury's job to determine whether those facts rise to the level of malice? It seemed to me that that was what the district court was getting at as opposed to disputes of fact because there's the video but that it was the jury's job to say I'm looking at all these facts and I think that's evidence of malice or I think it's not. So if that's the case wouldn't we have jurisdiction? I think that's still a factual determination that the jury has to make whether or not there was malice and sufficient malice under the circumstances. That's a factual question. So I you know the judge in its original ruling the district judge basically said it's up to the jury to determine whether that arises. I don't know what that means because we're in the in the world of malice or not right? Yes. But is that right I mean we have like excessive force probable cause those are legal questions right that we evaluate and ultimately this is a constitutional tort and we're just trying to decide somebody's got to decide whether the Eighth Amendment was violated why wouldn't it fall under that same rubric? The historical facts are what they are like in a Fourth Amendment case historical facts are what they are we judges decide whether there was probable cause right it doesn't go to a jury I think that under well I take I mean certain cases take it take it take it I mean you we could dispute it but I mean I'm just saying I think that's the way it is you could dispute whether as an original matter that should be correct or not but I think you know we or excessive force you know the Graham question there have been questions about that but I think it's it's generally as a legal question after the historical facts are decided I mean I don't know maybe malice is a is a exception to that or that's a traditional jury question like at a common law tort it would be I mean I think as I've been trying to argue all along I think the issue of malice and what the threat was that the defendant in this case perceived is a question for the jury I mean they could decide that there was hardly any threat whatsoever or a more of mr. Burnett beforehand but that's for a jury to decide and so I don't think that the issue could be decided on qualified I mean I would also like to indicate regarding that there wouldn't that we wouldn't need to get to why would we we would then have to look at clearly established law I take it right what is your I'm confused by your argument why we wouldn't have to do that well if there are facts left to be determined the application of what is would be difficult if you don't know exactly what the facts are to be determined no because we even if we assume let's assume that the jury would find that there was malice we'd still then have to face the two-part test of whether you've entitled that caught Griffith is entitled qualified immunity depends on was it clearly established at the time okay well I'll get to I've been trying to make my point I'll certainly get to the next point you got a minute and 20 seconds I would submit to the court that the judge made an error in its qualified immunity analysis by saying that the because mr. Burnett caused the exigency then that's somehow a distinguishing fact that's not part of the Eighth Amendment analysis so I think the court erred when it said well mr. Burnett caused the exigency by walking away and therefore he's not the the defendant is entitled to qualified I'm confused about that point because we aren't there cases that say like during a prison riot situation the officers are authorized to do certain things that they wouldn't be authorized to do if it wasn't why is this not bad but I think the issue is not who caused the exigency it's the amount of threat that the officer perceived and certainly the fact that someone walks away or whatever maybe that was is part of the threat analysis but it's not dispositive regarding the issue and so I guess I would like to say that I think that Cordell versus McKinney is clear regarding established law because the the force used in that case was less than it was here and the the the injury were injuries here were more severe and there's plenty of case law out there indicating that if someone is you know that does not comport with contemporary standards of decency so I think if Cordell versus McKinney based on the prior case law was clearly established if those facts and I think when you have Cordell versus McKinney itself then that I can rely on that and in this case then I believe that the law is clearly established. Thank you, you'll have your rebuttal. Thank you. Good morning may it please the court Jeffrey Gersh on behalf of Officer Griffith it's good to be back in person I agree Judge Strange thank you for holding oral argument and for holding it live it's nothing quite like it and we appreciate it. I certainly have much to say about qualified immunity but I want to start with the issue that we raised on cross-appeal and the reason it's important which is our argument is that there was no constitutional violation to begin with and the reason that matters is because the way the case was disposed of he's entitled to bring his state law claims in in tort in state court and he shouldn't be allowed to do that. Is that the way that you would distinguish the Wheeler case? I'm sorry? Our decision in Wheeler. Our decision in Wheeler? Wheeler. There's a case we have called Wheeler where we dismiss a cross-appeal for lack of jurisdiction and the I in this scenario this qualified immunity scenario where someone is trying to say no it's the constitutional problem that I'm challenging not just clearly established. Right. Right. Okay and I take it and we said no jurisdiction and I think one of the questions perhaps it's open or not was whether I think there wasn't additional relief being asked for so the cross-appellant has to be asking to expand the judgment right? Yes. So your expansion of the judgment would be dismissal of the state claims with prejudice is that right? That's correct. Okay. And essentially that would entail adopting the magistrates initial ruling that the magistrate Barron's got it exactly right so the court I understand the court would have to overturn the of that but we would urge the court to adopt those rulings because we can affirm the we can also affirm your victory on it on an alternative ground I assume is that right? Yes. Okay so we could say we're gonna go ahead and look at prong one what he did wasn't unconstitutional as a consequence of that the state law I mean that's what happened in Griffin right the state law claims fell away when the when the federal claims did on the on prong one right? Correct I think that's right yes and a Griffin to our mind is directly on point I know Judge Gilman you author Griffin we think it's on all fours with this case. What is your response on this now on the question of malice and whether that has to go to a jury? Well my response is to point to Rudlaff versus Gillespie and other cases where this court has recognized that when you have an incident that's captured on video the court looks at the facts in light of what's depicted on the video I mean there's been no suggestion that the video doesn't accurately depict what happened I mean there's no suggestion of that so the court can see the question what your opposing counsel says is that the issue is whether you whether it's malice what you can infer from the video itself and the earlier videos because we've got videos of him taking his handcuffs off at the bench and all of those things I thought the judge fairly wisely said I think that that is entrusted to a jury. Yeah and I guess I just have to agree to disagree with your honor and the judge you're right Judge Strange that the court can base a finding of malice on inferring what's clearly depicted on a video if the video allows that inference and our position is it simply does not allow that inference and if you look at the constitutional test. So why is the so if the judge looks at the videos and says I think it allows that inference and I think a jury ought to make it what is your best argument for why she was wrong I mean isn't that her call? It's it's I just think it's it's the wrong call as a matter of law I guess that's my and here's here's what. This seems odd to me because if it were if it were just an objective test do you still don't isn't there still an objective component here like if this were just an objective test you'd look at the video and say a reasonable officer would have perceived somebody trying to get away from them and would have grabbed them in light of the video but if you make it subjective only then it can't be the fact it can't be the case that everything is a jury question because somebody could look at it and say well I think maybe that person had met me yes that's a reasonable officer but he was a reasonable officer with bad intent and therefore that's a constitutional problem. I mean I did the Eighth Amendment standard is supposed to be in some sense harder to meet than the Fourteenth Amendment standard right? But this would be turning it on its head wouldn't it? Yes yes I think it would your honor and let me if I may just point to something that the court said in Griffith which I think is helpful here. The court said in Griffith that that the court has pre as previously cautioned that an official's decision to use force is entitled to deference. That's important and the court also said because the officials must make their decisions in haste under pressure and frequently without the luxury of a second chance. So then the question becomes affording Officer Griffith a wide-ranging deference to which he's entitled was the use of could the use of force plausibly have been thought necessary? That's the Eighth Amendment text. Could the use of force depicted on the video plausibly have been thought necessary? And we submit the answer has to be yes. There's really two questions one is and that's an objective question it is I think it is an objective officer have thought that could plausibly have yes exactly could a reasonable offer of plausibly thought this amount of force is necessary? There can be no question that some force was allowed because this court has repeatedly held not just in Griffith but in Bagley and other cases that when you have a resisting detainee even a resisting arrestee but a resisting prisoner in the Eighth Circuit Eighth Amendment context resisting you're entitled to use force. Well here's the question isn't it and it's the difference between those two cases is that Cordell's was that Griffin was in I've got to make sure I've got the right one was in the difference is the conduct that led to it isn't the key whether the prisoner was in handcuffs and isn't that the distinction between Griffin and Cordell because it's the difference between someone who can be controlled because they are in handcuffs and then they're injured because of the action of the officer versus someone who is out of control and has no restraint on them at the time and that person is distinct from what you can do to somebody who is controllable by the fact that that person is has handcuffs tied behind his back. Why doesn't that make a difference in whether you choose Griffin or Cordell? Well I don't I didn't find Cordell distinguishing Griffin on that basis your honor I thought the distinction was that the detainee in Cordell didn't do anything to resist he just the officer just started pushing him quickly down a hall and shoved him into a wall and all he did was turn around and ask why are you doing this whereas in Griffin Griffin is exactly like this case the detainee resisted restraint as Judge Gilman pointed out and the officer did a leg sweep and took her down and then my brother's argument that the injury was less severe because it was a broken leg I certainly disagree with that and I think if anything a cut on the forehead is not as severe as a broken leg but let me just let me just be very blunt here what was officer Griffith supposed to do I mean it's easy in hindsight to say that he could have restrained him by doing something less but what specifically should he have done I think it's important to keep in mind that there wasn't they weren't nearby a wall so when you have an officer and you have a detainee pulling away he tried to pull him back he pulled away again when there's no wall around the only way he can restrain him is to take him to the ground that's the only way he can do it because otherwise he can't control his legs I mean you can say that he could bear hug him and lift him up but he's not controlling his legs so to me he had and just as a matter of looking at it rationally he could have done really only one of two things he could have pulled him away and tried to take him to the ground that way or he could have pulled him this way and I would submit if he does that is it Tesla Tesla or the other officer was right there he wasn't well he wasn't close enough to help with the restraint if you look at the video it's I don't remember exactly he was standing at the door and turned around and when you're opposing counsel suggests that there was another officer there to help and I'm asking you if that doesn't make a difference yeah I don't think it does he was in the room but when you have officer Griffith holding him and he's trying to pull away at that point under the case law he's absolutely entitled to try to restrain him and the only way he can restrain him is to take him to the ground and the best way to do that is to do it the way he did if he tackles him and lands on him then we wouldn't be talking about a cut on the forehead we'd probably be talking about broken bones on his face the question is under the circumstances that were could that use of force plausibly have been thought necessary now my brother said it's not fair that the judge put said a pox on your house because you caused this that's not really what the judge said I mean the reality is he did cause this but the point is what were the circumstances that officer Griffith was faced with they were the circumstances of a detainee pulling away he tried to pull him back he pulled away even harder at that point he absolutely was entitled to use force and he used the best he made the best use of force that he could have made I would submit at a minimum it's force that could plausibly have thought been thought necessary and so that's why we think there's no constitutional violation at all and there is no question of fact because it's all been depicted on the video you know if we though thought well we don't disagree we might disagree with your thought that there's no that's the basis of your cross appeal but we do decide that let's say there was no clearly established law that would have made it a violation would your cross field and be moot I mean it would be no need to reach your issue if we just affirm on the basis the district court I I think you could do that I think I'm entitled to a ruling on my cross appeal though but if you were to issue an opinion that said we affirm the court's judgment and we decline to reach the issue on cross appeal whether you have just give discretion to do what you want I guess that's what what this court did in this Wheeler case that I guess my judgment Albania was very I think that what you said if we said we affirm no clearly established law and affirm the dismissal of the state claims for lack of supplemental jurisdiction or in our discretion then you're in that state of your cross appeal is mooted correct I mean that so all I can do is urge the court to decide our constitutional question on cross appeal even if the court doesn't think it has to because the the facts are clear the law is clear we we we are going to end up in state court unnecessarily and I think inappropriately because the actions of officer Griffith simply didn't violate the Constitution and they didn't violate the state law standard either which is why I say judge Barron's got it right and that's what we would urge the court to find as well I do want to spend just a couple minutes on qualified immunity I think it's very straightforward I also judge now Bandy and didn't understand mr. Piper's argument as to why you you shouldn't get to the question of whether it's clearly established I think you have to get there for his argument because that's the issue is is it clearly established that officer Griffith's actions were violated clearly established law at the time under the circumstances that he faced and the answer to that is absolutely was not clearly established Griffin is the case that's most directly on point Cordell is a completely different character of action and a much more severe for use of force and a worse injury counsel said a broken leg is not as bad as a cut on the forehead I disagree with that but that's just the tip of the iceberg and if you look at Cordell and we've distinguished Cordell in a brief but I just want to mention today you have a you have a a hostile officer who is hostile for no cause he takes the guy he shoves him down the hall for no reason shoves him into a wall he continues to be hostile and he was reprimanded for it I mean that is a that is about as distinguishable from this case as a case could get whereas Griffin v Hardwick is really right on point that that the woman wasn't handcuffed and therefore was maybe more of a threat as judge Strange points out fair enough but she was resisting the point is is an officer was it clearly established that a resisting detainee even one in handcuffs cannot be restrained with force I would think that's I would submit that's not even a constitutional violation but at a clearly established that it was I mean it's not just Griffin but it's the bag the underlying right of the officer or goal of the officer in the in distinguishing in distinguishing to these two cases what would you say the right of the officer is because it seems to me that the law is speaking to the right and the necessity of the officer being able to gain control in the circumstances right that's fair yeah and then thereby protect officers and any other civilians or even private property which is kind of what the argument is here so give us your best explanation to why it's not a key that that that this plaintiff was in handcuffs and and that governs the ability to gain control in circumstances and the danger is someone who's not in handcuffs I would say two points to that number one he had already broken free of his handcuffs once so he was already showing resistance and belligerence and number two even when he's in handcuffs when he's trying to pull away and the officer pulls him back and then he tries to pull away even harder if he's able to get away you don't know what kind of mischief he might cause and under the cause less than the woman who was fighting everybody and waving her arms and arguing with them I mean that reality but I don't know that she was in any greater position to cause harm than a detainee even in handcuffs who had already gotten out of him once who had already threatened to shoot any officer if he finds out that any officer mistreated the detainee he is repeatedly shown belligerence and I would submit the case law is very clear that an a resisting detainee even one in handcuffs I think that's what the case law provides I see that my time is up thank you your honor your honors in the the judges the district judge's original opinion it stated in responding to Burnett's actions Griffith used a great deal of force he did so while Burnett was handcuffed and officer Tessa was nearby and capable of helping Griffith had less forceful alternatives although it was not the court's job to second guess the officer's actions in fast developing situations it is also not the court's job to take on the role of the jury I think there are jury issues here regarding what was the threat that was perceived and whether the amount of force used was reasonable under the circumstances and whether Griffith acted with malice I agree with judge Strange in the sense that Griffith versus Hardwick is much different from this case because of the handcuff situation I cited in the brief not only Cordell versus McKinney but a lot of other cases including Phelps versus Coy there's other cases there in which the and generally under the control of the officer response to the argument about what I mean what in hindsight what is it what was he supposed to do well I think that grab him or throw him up against the wall or he could have asked officer Tessa for assistance he could have grabbed him and not lift him up and slam when does he ask him first like he's starting to pull away and he's supposed to say hey you come over here and help me get this guy before he does can he restrain him at that point or is he have to ask for help first well generally in circumstances regarding police or corrections officers you give loud verbal commands you ask for assistance and there's other things you could do he could have pushed him against the wall without using the great deal of force that was used under the circumstances he might have cut his head pushed being pushed against the wall well you're less likely to have that happen then if you're lifted up and slammed headfirst onto the ground when you your hands are handcuffed behind your back and you can't well Cordell was injured when pushed against the wall yeah but Cordell's injuries weren't as severe he wasn't knocked unconscious and things of that nature but you know Cordell I think is similar you know you can't the laws clearly established how do you respond to your opposing counsel's argument that there was factual there the factual distinctions have to do with the actions of the officer in already evidenced malice well I mean I think again it's a jury issue regarding the malice I mean that the court found in this case that the jury could determine that there was sufficient malice to make it an Eighth Amendment violation and there are preceding factual issues not caught on the and with you know another videotape he's taking his handcuffs off and things of that nature I mean you could look at that and decide that probably Griffith was pretty angry by the time mr. Burnett walked away even though we're calculating now right well but it's the jury to it's up to the jury to determine the amount of malice and what in that's what the district court decided that it should be a jury issue and I don't think that could be you know challenged on qualified immunity that's it's the job of the district judge to determine the facts and the inferences from the facts and the district judge said we're going to allow this to be determined by a jury again I think the law is clearly established that if you slam a handcuffed individual either against a wall or against the ground when he has no ability to fight back that's clearly established and not only in Cordell versus McKinney but also other cases in the Sixth Circuit and other circuits. Thank you time's up we thank you both for your good arguments and briefing they were very helpful of course we will take the case under advisement and render an opinion in due course